UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KELLY, et al.,<br><br>　　　　Defendants. | Case No. 19-06755 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a California state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against a nurse at Salinas Valley State Prison ("SVSP") where is currently incarcerated. (Docket No. 1, "Compl.") Plaintiff's motion for leave to proceed *in forma pauperis* shall be addressed in a separate order.

**DISCUSSION**

**A.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. **Plaintiff's Claims**

Plaintiff claims that Defendant Nurse Kelly failed to provide him with his medication at 5:00 p.m. on May 12, 2019, when he asked her to return in ten minutes and failed to do so. (Compl. at 3.) When he asked for his medication later that night at 8:00 p.m., Defendant "went into a loud tirade stating, 'You wetbacks… think whatever you want you can get it at your time… I should report you to I.C.E. and have you deported to Mexico, where you won't receive any medication… I'm not giving you your meds. Your a faggot anways… I don't need to deal with your kind [*sic*].'" (*Id.* at 4.) Plaintiff did not receive his medication that day. (*Id.*) Plaintiff claims that the next day, on May 13, 2019, Defendant again denied him health care when she did not give him his medication as requested. (*Id.*) Plaintiff claims Defendant's words indicate "bigotry," "racial profiling," "racial bias and discrimination," and "sexual (gender) discrimination." (*Id.*) Plaintiff claims Defendant's actions constitute racial discrimination, sex discrimination, and denial of medical treatment. (*Id.* at 3.) Plaintiff seeks damages. (*Id.*)

Plaintiff's allegations are insufficient to state a cognizable claim. With respect to Defendant's alleged comments on May 12, 2019, allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *Rutledge v. Arizona Bd. of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981), *aff'd sub nom. Kush v. Rutledge*, 460 U.S. 719 (1983); *see, e.g., Burton v.*

2

*Livingston*, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right"); *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); *Batton v. North Carolina*, 501 F. Supp. 1173, 1180 (E.D.N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). This is so even if the verbal harassment is racially motivated. *See Hoptowit v. Ray*, 682 F.2d 1237, 1252 (9th Cir. 1982) (federal court cannot order guards to refrain from using racial slurs to harass prisoners); *Burton*, 791 F.2d at 101 n.1 (use of racial slurs in prison does not offend Constitution). But harassment coupled with conduct implicating the Eighth Amendment's proscription against cruel and unusual punishment may indeed present a claim cognizable under § 1983. *See Hudson v. Palmer*, 468 U.S. 517, 528-30 (1984) (malicious cell searches and calculated harassment unrelated to prison needs may implicate 8th Amendment's protection against cruel and unusual punishment); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (harassment with regards to medical problems cognizable if it constitutes deliberate indifference). Accordingly, Plaintiff fails to state any claim against Defendant Kelly based solely on her abusive words to him on May 12, 2019. Rather, he must connect her words with conduct implicating the Eighth Amendment in order to state a claim. *Id.*

However, Plaintiff's allegations are also insufficient to state a claim under the Eighth Amendment. Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059. A "serious" medical need exists if the failure

3

to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). Here, Plaintiff fails to explain what the medication was for to establish that he had a serious medical need to satisfy the first element for an Eighth Amendment claim. *Farmer*, 511 U.S. at 837. Secondly, he fails to allege that Defendant was aware that Plaintiff faced a substantial risk of serious harm without his medication and disregarded that risk by failing to provide him with that medication for two days to establish the second element. *Id.* Plaintiff shall be afforded an opportunity to file an amended complaint to state sufficient facts to support an Eighth Amendment claim.

In preparing an amended complaint, Plaintiff should keep the following principles in mind. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633. Accordingly, Plaintiff must allege sufficient facts describing each named defendant's actions or failure to act that caused the violation of his Eighth Amendment rights.

4

**CONCLUSION**

For the reasons state above, the Court orders as follows:

The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order, i.e., Case No. C 19-06755 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint supersedes the original, and Plaintiff may not make references to the original complaint. Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall terminate "Salinas Valley State Prison" as a party to this action as Plaintiff merely named the prison to indicate Defendant Kelly's place of employment and not as a separate defendant in this action. (Compl. at 2.)

The Clerk shall include two copies of the court's form complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

**Dated:** February 7, 2020

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.19\06755Rodriguez_dwlta

5