UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RODRIGUEZ,<br>　　　　　Plaintiff,<br>　　　v.<br>KELLY, et al.,<br>　　　　　Defendants. | Case No. 19-06755 BLF (PR)<br>**ORDER OF DISMISSAL** |

Plaintiff, a California state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against a nurse at Salinas Valley State Prison ("SVSP") where is currently incarcerated. Dkt. No. 1. On February 8, 2020, the Court dismissed the complaint with leave to amend as Plaintiff's allegations were insufficient to state a cognizable claim under § 1983. Dkt. No. 8. Plaintiff filed an amended complaint. Dkt. No. 11.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.** **Plaintiff's Claims**

In its initial review of the original complaint, the Court advised Plaintiff that mere allegations of verbal harassment and abuse fail to state a cognizable claim under § 1983. Dkt. No. 8 at 2, citing *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *Rutledge v. Arizona Bd. of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981), *aff'd sub nom. Kush v. Rutledge*, 460 U.S. 719 (1983); *see, e.g., Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right"); *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); *Batton v. North Carolina*, 501 F. Supp. 1173, 1180 (E.D.N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). This is so even if the verbal harassment is racially motivated. *See Hoptowit v. Ray*, 682 F.2d 1237, 1252 (9th Cir. 1982) (federal court cannot order guards to refrain from using racial slurs to harass prisoners); *Burton*, 791 F.2d at 101 n.1 (use of racial slurs in prison does not offend Constitution). Plaintiff was also advised that nevertheless, harassment coupled with conduct implicating the Eighth Amendment's proscription against cruel and unusual punishment may present a claim cognizable under § 1983. Dkt. No. 8 at 3, citing *Hudson v. Palmer*, 468 U.S. 517, 528-30 (1984) (malicious

cell searches and calculated harassment unrelated to prison needs may implicate 8th Amendment's protection against cruel and unusual punishment); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (harassment with regards to medical problems cognizable if it constitutes deliberate indifference).  Plaintiff's allegations were also insufficient to state a claim under the Eighth Amendment because he failed to allege sufficient facts to establish that he suffered from a serious medical need which necessitated the medication, and that Nurse Kelly was aware that Plaintiff faced a substantial risk of serious harm without it and nevertheless disregarded that risk.  Dkt. No. 8 at 4, citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).  Plaintiff was afforded an opportunity to file an amended complaint to state sufficient facts to support a cognizable claim.  Dkt. No. 8 at 4.

     In the amended complaint, Plaintiff's statement of claim is as follows, in its entirety: "Nurse Kelly didn't give the Plaintiff (above named) Michael Rodriguez, CDC #AA5649, medication and also the defendant (said above name), Nurse Kelly went into a rage, verbally disrespecting the Plaintiff's sexuality & race."  Dkt. No. 11 at 3.  This statement does not correct the deficiencies of the pleading from the original complaint because Plaintiff again fails to state sufficient facts to allege a violation of his Eighth Amendment right to also support a claim for verbal harassment and abuse.  Accordingly, the amended complaint is DISMISSED without leave to amend because Plaintiff was already afforded one opportunity to amend and the Court finds no good cause to grant him another opportunity where the deficiencies from the original complaint remain the same. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003) (district court's discretion to deny leave to amend particularly broad where plaintiff has previously filed an amended complaint); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

## CONCLUSION

For the foregoing reasons, the amended complaint is **DISMISSED** for failure to state a claim for which relief can be granted.

**IT IS SO ORDERED.**

Dated:  _September 29, 2020_____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.19\06755Rodriguez_dism(ftsac)